**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROSE MOISE AUGUSTE,

Petitioner,

v. No.2:26-cv-03574-MLG-GJF

WARDEN, Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as the Secretary of the U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of Director of U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Rose Moise Auguste's petition for writ of habeas corpus ("Petition"), filed October 23, 2026. *See* Doc. 1. Auguste challenges her continued detention without a bond hearing and seeks her immediate release or an individualized bond hearing. Doc. 1 at 13. Federal Respondents[1] do not contest the facts presented in the Petition. *See* Doc. 6 at 1 (confirming that Auguste was detained under 8 U.S.C. § 1226(a)). Given these facts, the Court agrees that § 1226(a) governs her detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of the Otero Couty Processing Center.

for bond), not § 1225(b)(2)(A)”). Auguste’s detention without a bond hearing therefore constitutes an ongoing violation of her right to due process under the Fifth Amendment to the United States Constitution. *See Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1298 (D.N.M. Dec. 2025); *see also Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) (“The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen’s] risk of flight or dangerousness, his detention is a violation of his due process rights.”).

In habeas corpus proceedings, “a federal court ‘possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.’” *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (“The typical remedy for [unlawful executive] detention is, of course, release.”); *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner’s immediate release rather than a bond hearing).

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order’s filing) Auguste from custody.
2. Upon Auguste’s release, Respondents must return all of her property, including any identification documentation that was in her possession when he was detained.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA